## Commonwealth v. Rogers.

*Victor B. Bouton*, district attorney, for Commonwealth.

*Harry E. Cope*, for defendant.

WHITTEN, J., January 7, 1931.—This case is before the court upon appeal by the defendant from the judgment of a justice of the peace, wherein the defendant was adjudged guilty of violating section 207 of the Act of May 1, 1929, P. L. 905.

In the information, it is charged that: "The defendant did then and there sell his Chrysler auto to John S. Leffler for which a certificate of title had been issued and the said Thomas Rogers did unlawfully fail to execute an assignment of said certificate of title to the said John S. Leffler, the purchaser or transferee, a certificate of title, with a statement of all liens or encumbrance or legal claims on said motor vehicle, and the name and address of the holders of said liens, encumbrances or legal claims, sworn to before a notary public or other officer empowered to administer oaths, and to deliver the same to the purchaser or transferee at the time of delivery to him of such motor vehicle or within ten (10) days.

"The said defendant did unlawfully fail within ten (10) days of such sale to make assignment of certificate of title on a form furnished by the Department of Motor Vehicles to the grantor, sworn to as aforesaid, with the encumbrance as aforesaid."

After hearing, the said justice imposed upon the defendant a fine of $25 and costs of suit.

Section 207 of the said statute provides that: "In the event of the sale or transfer of the ownership of a motor vehicle for which certificate of title has been issued, . . . the owner or transferee shall, within ten (10) days . . .

present to the secretary such assigned certificate of title . . . whereupon a new certificate of title may be issued in the name of the owner.

"Any person violating any of the provisions of this section shall, upon summary conviction before a magistrate, be sentenced to pay a fine of twenty-five ($25.00) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days."

It is undisputed that the prosecutor, John S. Leffler, and the defendant, John Rogers, entered into a contract whereby Leffler agreed to sell and deliver to Rogers a new automobile for the sum of $1120; and that in payment therefor Rogers agreed to sell and deliver to Leffler a used car, appraised value $750, and to pay to Leffler the balance of $570.

It is also undisputed that the rubber on the running board of the new automobile was defective and that the same was to be replaced by Leffler.

However, Rogers contends, and produced testimony to that effect, that the new automobile was otherwise materially defective, and that when the said contract was entered into by the parties, he had no knowledge of such defects, but that shortly thereafter he discovered the same, and, for that reason, refused, and still refuses, to complete the transaction by delivery to Leffler of the certificate of title required by the said statute. Rogers denies that the new automobile was injured or damaged while in his possession.

On the other hand, Leffler contends, and produced proofs to that effect, that the new automobile was in perfect condition (except the rubber covering the running board), and that the injuries to the new automobile happened while the same was in the possession and control of the defendant.

After a careful examination of the proofs touching the controlling issue of fact, the court finds that the proofs on behalf of the Commonwealth and on behalf of the defendant are so evenly balanced that it is difficult to determine on which side the scales incline.

A summary proceeding before a justice of the peace is in the nature of a criminal prosecution for a public crime, and the defendant's guilt must be established beyond a reasonable doubt.

Section 207 of the Act of 1929 is general and must be construed strictly: Com. *v.* Wells, 110 Pa. 463.

In the above case, the court (at page 467) expressed the following general principle: " 'Penal Statutes must be strictly construed, and never extended by implication.' 'The proper course is, in their construction, to search out and follow the true intent of the legislature, and to adopt that sense which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.' 'No man incurs a penalty unless the act which subjects him to it is clearly both within the spirit and letter of the Statute imposing such penalty.' "

The court is of the opinion that the penalty provided in section 207 of the Vehicle Code of 1929 was intended to be imposed only in cases where a party wrongfully and without reasonable excuse refuses to execute and deliver the certificate of title required by the statute; and that it was not intended that such penalty would be imposed in any case where the accused's refusal to execute and deliver a certificate of title is based on an honest dispute as to the terms of sale of the motor vehicle in question.

In other words, the criminal court is not the appropriate tribunal to settle and determine contractual rights of litigants where there is a substantial dispute as to the facts.

The court finds that the proofs are insufficient to sustain the charge that the defendant unlawfully failed to execute and deliver to John S. Leffler an

assignment of the certificate of title to his used car, in violation of section 207 of the Vehicle Code of 1929.

The dispute between Leffler and Rogers must be adjudicated by action in a civil suit.

In the circumstances, the defendant must be discharged. "There is no Act of Assembly which makes provision for payment of costs where a defendant is discharged upon an appeal from a summary conviction in a case where the act charged is not a crime:" Com. v. Moore, 21 Pa. C. C. 321.

## Decree.

And now, January 7, 1931, after hearing the parties and their witnesses and after argument by counsel, it is ordered, adjudged and decreed that the conduct of the defendant complained of, and the circumstances, did not constitute a violation of section 207 of the Act of May 1, 1929, P. L. 905; and it is further ordered that the defendant, Thomas Rogers, be and he is hereby discharged.

From William S. Rial, Greensburg, Pa.